# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Francina Smith, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:16-cv-1897 |
| GC Services Limited Partnership, a Delaware limited partnership, GC Financial Corp., a Delaware corporation, and DLS Enterprises, Inc., a Delaware corporation | ) ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT – CLASS ACTION

Plaintiff, Francina Smith, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

## PARTIES

3.      Plaintiff, Francina Smith ("Smith"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, which she allegedly owed for a Synchrony Bank/Sam's

Club account.

4.        Defendant, GC Services Limited Partnership ("GCS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant GCS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant GCS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.        Defendant GC Financial Corp. (GCF), is a Delaware corporation and a general partner in Defendant GCS.  Defendant GCF directs and controls GCS. Moreover, GCF acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, indirectly through GCS.  In fact, Defendant GCF was acting as a debt collector as to the delinquent consumer debt Defendants attempted to collect from Plaintiff.

6.        Defendant DLS Enterprises, Inc. (DLS), is a Delaware corporation and a general partner of Defendant GCS.  Defendant DLS directs and controls GCS. Moreover, DLS acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts indirectly through GCS.  In fact, Defendant DLS was acting as a debt collector as to the delinquent consumer debt Defendants attempted to collect from Plaintiff.

7.        Defendant GCS is authorized to conduct business in Indiana, and

maintains a registered agent here, see, record from the Indiana Secretary of State,

attached as Exhibit A. In fact, Defendant GCS conducts business in Indiana.

8.     Defendant GCS is licensed as a debt collection agency in the State of

Indiana, see, record from the Indiana Secretary of State, Securities Division, attached

as Exhibit B. In fact, Defendant GCS acts as a collection agency in Indiana.

**FACTUAL ALLEGATIONS**

9.     Defendants sent Ms. Smith an initial form collection letter, dated March 17,

2016, demanding payment of a delinquent consumer debt that she allegedly owed to

Synchrony Bank/Sam's Club. This letter stated, in pertinent part:

* * *

> As of the date of this letter, our records show you owe a balance of
> $3,095.00 to Synchrony Bank.  If you dispute this balance or the validity of
> this debt, please let us know in writing.  If you do not dispute this debt in
> writing within 30 days after you receive this letter, we will assume this debt
> is valid.
>
> However, if you do dispute all or any portion of this debt in writing within
> 30 days of receiving this letter, we will obtain verification of the debt from
> our client and sent it to you.  Or, if within 30 days of receiving this letter
> you request in writing the name and address of the original creditor, we
> will provide it to you in the event it differs from our client, Synchrony Bank.

* * *

In fact, an oral dispute is valid and a dispute does not have to be in writing, as claimed

in Defendants' letter.  A copy of this letter is attached as Exhibit C.

10.     Violations of the FDCPA which would lead a consumer to alter his or her

course of action as to whether to pay or whether to dispute a debt, or which would be a

factor in the consumer's decision making process, are material, see, Lox v. CDA, 689

F.3d 818, 827 (7th Cir. 2012).  Whether disputing a debt could be done orally, by simply

picking up the phone, or whether a consumer needs to make a written dispute, is material information that would play a role in a consumer's decision of whether to dispute a debt.

11.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g**
**Ineffective Validation Notice**

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, the Defendants provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it.

15.     Although Defendants' letter contained a validation notice, by telling Plaintiff that disputes must be in writing, when, in fact, an oral dispute is valid, violated § 1692g of the FDCPA.  See e.g., Campbell v. Hall, 624 F. Supp. 2d 991, 1000 (N.D. Ind. 2009); Chung v. Nat'l Check Bureau, 2005 U.S. Dist. LEXIS 15216, at [*7]-[*8] (S.D. Ind. 2005)(Young, J.); Walters v. PDI Mgmt. Servs., 2004 U.S. Dist. LEXIS 13972 at [*15] (S.D. Ind. Apr. 6, 2004)(Tinder, J.) ("The plain language of subsection (a)(3) does not require that the consumer dispute the validity of the debt in writing.  Furthermore, the

presence of a writing requirement in the subsections immediately following subsection

(a)(3) demonstrates that this omission of a writing requirement in subsection (a)(3) was

purposeful."); Rosado v. Taylor, 324 F.Supp.2d 917 (N.D. Ind. 2004); Edmonds v. Nat'l

Check Bureau, Inc., 2003 U.S. Dist. LEXIS 17476 at [*10]-[*12](S.D. Ind. 2003)(Barker,

J.); see also, 15 U.S.C. §1692g(a)(3).

16.     Defendants' violation of § 1692g of the FDCPA renders them liable for

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e**
**False Statements**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692e of the FDCPA prohibits a debt collector from using any

false, deceptive or misleading representation or means in connection with the collection

of a debt, see 15 U.S.C. § 1692e(2)(A).

19.     Defendants, by telling Plaintiff that disputes must be in writing, when, in

fact, an oral dispute is valid, made false statements, in connection with the collection of

the debt, in violation of § 1692e of the FDCPA.

20.     Defendants' violation of § 1692e of the FDCPA renders them liable for

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

21.     Plaintiff adopts and realleges ¶¶ 1-12.

22.     Section 1692f of the FDCPA prohibits a debt collector from using any

unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. §

1692f.

23.     Defendants, by telling Plaintiff that disputes must be in writing, when, in fact, an oral dispute is valid, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

24.     Defendants' violation of § 1692f of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### CLASS ALLEGATIONS

25.     Plaintiff, Francina Smith, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Synchrony Bank/Sam's Club account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

26.     Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Smith, in their attempts to collect delinquent consumer debts from other persons.

27.     The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter they sent Plaintiff Smith.

28.     Plaintiff Smith's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought

on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

29.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

30.     Plaintiff Smith will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Smith has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Francina Smith, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff Smith as Class Representative of the Class, and her attorneys as Class Counsel;

3.     Find that Defendants' form collection letter violated the FDCPA;

4.     Enter judgment in favor of Plaintiff Smith and the Class, and against

Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided

by § 1692k(a) of the FDCPA; and,

5.     Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Francina Smith, individually and on behalf of all others similarly situated,

demands trial by jury.

Francina Smith, individually and on
behalf of all others similarly situated,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: July 15, 2016

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com