**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| Francina Smith, individually and on behalf of all others similarly situated, | ) )  ) |
| Plaintiff, | ) )  ) |
| v. | )   No.   15-cv-01897-RLY-DML )  ) |
| GC Services Limited Partnership, a Delaware limited partnership, GC Financial Corp., a Delaware corporation, and DLS Enterprises, Inc., a Delaware corporation | )  )  )  )  )  )  ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Francina Smith ("Smith"), individually and on behalf of all others similarly situated, hereby responds to Defendants' Motions to Dismiss, pursuant to Fed.R.Civ.P 12(b)(1), 12(b)(2), and 12(b)(6) (Dkt. 16, 17), and states as follows:

**INTRODUCTION**

The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), provides consumers with the right to dispute a debt orally, see, 15 U.S.C. §1692g(a)(3). In fact, the right to dispute a debt orally relates directly to the congressional intent of the FDCPA -- the protection of the unsophisticated consumer, who may be lacking the means or sophistication to dispute a debt in writing.  Moreover, stating that a debt must be disputed in writing when, in fact, it does not, is a false, deceptive and/or misleading and unfair, and unconscionable, in violation of § 1692g, §1692e and §1692f of the FDCPA.  Providing false or misleading information about the right to dispute a debt, by stating that all disputes must be writing, is a concrete/material injury, and confers

1

Article III standing on a consumer plaintiff.

Defendants have moved to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6), for failure to state a claim, relying on cases which have been widely criticized and rejected by courts in this Circuit (Dkt. 17, ¶¶ 3, 10-13, 32-34).  Defendants also seek dismissal pursuant to Rule 12(b)(1) because they believe Plaintiff lacks Article III standing (Dkt. 17, ¶¶ 1-2, 5-9, 16-31).  Finally, Defendants DLS  and GCF argue that they should be dismissed due to lack of personal jurisdiction (Dkt. 17, ¶¶ 3, 14-17, 35-39).  Defendants are wrong on all counts and their motion to dismiss should be denied.

## FACTUAL BACKGROUND

Defendants sent Ms. Smith a form collection letter, dated March 17, 2016, demanding payment of a delinquent consumer debt that she allegedly owed to Synchrony Bank/Sam's Club, see, Dkt. 1-3.  In pertinent part, this letter stated:

> As of the date of this letter, our records show you owe a balance of $3,095.00 to Synchrony Bank.  If you dispute this balance or the validity of this debt, please let us know in writing.  If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid.

See, Id.  Section1692g(a)(3) of the FDCPA, however, imposes no such writing requirement, when a consumer wants to dispute a debt, see, 15. U.S.C. §1692g(a)(3).

Plaintiff's Complaint -- Class Action, filed on July 15, 2016, sets forth that Defendants GC Services, LP, ("GC"), and its general partners, GC Funding, Corp. ("GCF") and DLS Enterprises, Inc. ("DLS"), violated §§1692g by falsely telling Plaintiff that disputes must be in writing when, in fact, an oral dispute is valid.  Defendants' letter also violated §1692e and §1692f of the FDPCA because the statement, that any dispute of the debt must be in writing, was false, deceptive and misleading, (Dkt. 1, at ¶¶9-20)

and unfair, unconscionable (Dkt. 1, at ¶¶21-24).

## ARGUMENT

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case, see, Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).  The court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in plaintiff's favor.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim to relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  To provide a defendant with "fair notice of what the claim is and the grounds upon which it rests," a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," see, Fed.R.Civ.P. 8(a)(2).  The allegations of the Complaint must also plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level", see, Twombly, 550 U.S. at 555.

In ruling on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction due to lack of standing, the court accepts as true all well-pleaded allegations and draws all reasonable inferences in the light most favorable to the plaintiff. Retired Chicago Police Ass'n v. City of Chicago, 76 F.3d 856, 862 (7th Cir. 1996). The plaintiff bears the burden of showing that she meets the required elements of standing.  Id. "Where standing is challenged as a factual matter, the plaintiff bears the burden of supporting the allegations necessary for standing with 'competent proof.'"  Id., citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 785, 80 L. Ed. 1135 (1936). The Seventh Circuit has interpreted "competent proof" "as requiring a showing by a preponderance of the evidence, or proof to a reasonable probability,

3

that standing exists." Id.

Once a defendant moves to dismiss pursuant to Rule 12(b)(2), for lack of

personal jurisdiction, the Plaintiff bears the burden of establishing the existence of such

jurisdiction, Lancer Ins. Co. v. Landers Explosives, No. 3:07-cv-00117-RLY-WGH, 2008

U.S. Dist. LEXIS 61998, at *7-8 (S.D. Ind. July 24, 2008) (Young, J.), citing Purdue

Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003).  Then,

the court must first decide if any material facts are in dispute and, if so, must hold an

evidentiary hearing is to resolve them, where the plaintiff will bear the burden of

establishing jurisdiction by a preponderance of the evidence.  Id.

Finally, claims made pursuant to the FDCPA must be evaluated using the

unsophisticated consumer standard, see, Gammon v. GC Services, Ltd. Partnership, 27

F.3d 1254, 1257 (7th Cir. 1994) ("[The] unsophisticated consumer standard protects the

consumer who is uninformed, naive, or trusting, yet it admits an objective element of

reasonableness."); see also, Evory v. RJM, 505 F.3d 769, at 776 (7th Cir. 2007);

Johnson v. Revenue  Mgmt. Corp., 169 F.3d 1057, 1060 (7th Cir. 1999); McMahon v.

LVNV Funding, LLC, 744 F.3d 1010, 1019-1020 (7th Cir. 2014) (describing the

unsophisticated consumer as a person of "modest education and limited commercial

savvy").

**I.      Plaintiff Has Stated A Claim For Relief Pursuant to §§1692g, 1692e, and 1692f Of The FDPCA**

Section 1692g of the FDCPA requires that, within 5 days of Defendants' first

communication to a consumer, the Defendants must provide the consumer with an

effective validation notice, i.e., notice that the consumer has 30 days after receipt of the

notice to dispute the validity of the debt, or any portion of the debt, and seek verification

of it.  Multiple appellate and district courts – including this Court, in <u>Chung v. National</u>

<u>Check Bureau</u>, 2005 U.S. Dist. LEXIS 15216, at *[7] (S.D. Ind. 2005)(Young, J.)  -- have

all correctly held that the FDCPA does not require disputes of debt to be in writing to be

valid,  <u>see</u> e.g., <u>Clark v. Absolute Collection Serv.</u>, 741 F.3d 487 (4th Cir. 2014); <u>Hooks</u>

<u>v. Forman, Holt, Eliades & Ravin</u>, 717 F.3d 282 (2d Cir. 2013); <u>Camacho v. Bridgeport</u>

<u>Fin.</u>, 430 F.3d 1078 (9th Cir. 2005); <u>Campbell v. Hall,</u> 624 F. Supp. 2d 991, 1000 (N.D.

Ind. 2009); <u>Rosado v. Taylor</u>, 324 F.Supp.2d 917 (N.D. Ind. 2004); <u>Walters v. PDI</u>

<u>Mgmt. Servs.</u>, 2004 U.S. Dist. LEXIS 13972 at [*15]-[*17] (S.D. Ind. 2004)(Tinder, J.);

<u>Edmonds v. Nat'l Check Bureau, Inc.</u>, 2003 U.S. Dist. LEXIS 17476 at [*10]-[*12](S.D.

Ind. 2003)(Barker, J.); <u>Spearman v. Tom Wood Pontiac-GMC, Inc</u>., 2002 U.S. Dist.

LEXIS 24389 at [*25]-[*29] (S.D. Ind. 2002)(Tinder, J.).[1]

Defendants rely on authority which has been analyzed, criticized and rejected by

this Court and other district courts within the Seventh Circuit, somehow believing that

this Court should ignore its reasoning in <u>Chung</u> and, instead, embrace the minority-view

opinion of the Third Circuit in <u>Graziano v. Harrison</u>, 950 F.2d 107 (3d Cir. 1991).  (Dkt.

---

[1] <u>See</u> <u>also</u>,  <u>Brown v. Transurban USA</u>, 144 F. Supp. 3d 809 (E.D. Va. 2015); <u>Busch v.</u>
<u>Valarity</u>, 2014 U.S. Dist. LEXIS 14569 (E.D. Mo. Feb. 5, 2014); <u>In re Turner</u>, 436 B.R.
153, 157 (M.D. Ala. 2008);   <u>Register v. Reiner, Reiner & Bendett</u>, 488 F.Supp.2d 143,
147 (D. Conn. 2007); <u>Jerman v. Carlisle</u>, 464 F.Supp.2d 720, 725 (N.D. Ohio
2006); <u>Baez v. Wagner & Hunt</u>, 442 F.Supp.2d 1273, 1276-77 (S.D.Fla.2006); <u>Turner v.</u>
<u>Shenandoah Legal Group</u>, 2006 U.S. Dist. LEXIS 39341, at *5 (E.D.Va. 2006);  <u>Vega v.</u>
<u>Credit Bureau</u>, 2005 U.S. Dist. LEXIS 4927, at *8 (E.D.N.Y. 2005);   <u>Nasca v. GC Servs.</u>
<u>Ltd. P'ship</u>, 2002 U.S. Dist. LEXIS 16992 (S.D.N.Y. 2002); <u>In re Risk Mgmt.</u>
<u>Alternatives, Fair Debt Collection Practices Act Litig.</u>, 208 F.R.D. 493, 502 (S.D.N.Y.
Jun. 14, 2002); <u>In re Sanchez</u>, 173 F.Supp.2d 1029, 1030-31 (N.D. Cal. 2001); <u>Castro</u>
<u>v. ARS National Servs.</u>, 2000 U.S. Dist. LEXIS 2618, at [*3] (S.D.N.Y. 2000); <u>Ong v.</u>
<u>American Collections Enterprise</u>, 1999 U.S. Dist. LEXIS 409 at [*3] (E.D.N.Y.
1999); <u>Reed v. Smith, Smith & Smith</u>, 1995 U.S. Dist. LEXIS 22013, at *3 (M.D.La.
1995).

17, at ¶¶ 10-13, 33-34).[2]  To do so would to be to reject long-standing Seventh Circuit

rules of statutory interpretation and to deny unsophisticated consumers -- the least likely

consumers to have the means to submit a written dispute -- rights that congress

intended to provide through enacting the FDCPA, see, Spearman, 2002 U.S. Dist.

LEXIS 24389 at [*25]-[*26] (S.D. Ind. Nov. 4, 2002)(Tinder, J.)

In Spearman, then-District Court Judge Tinder soundly rejected the reasoning in

Graziano, Castillo  and Sturdevant, stating:

> In interpreting a statute, courts must "look first to its language …. If that
> language is plain, our only function is to enforce it according to its terms.
> The plain meaning of a statute is conclusive unless literal application of a
> statute will produce a result demonstrably at odds with the intentions of its
> drafters." And, importantly, "where Congress includes particular language
> in one section of a statute but omits it in another section of the same Act, it
> is generally presumed that Congress acts intentionally and purposely in
> the disparate inclusion or exclusion."  The *Graziano* court ignored these
> rules of statutory interpretation.

Spearman, 2002 U.S. Dist. LEXIS 24389, at [*25]-[*26][3]; see also, Chung, 2005 U.S.

Dist. LEXIS 15216 at [*7] ("It is a well established rule that the inclusion of particular

language in one section of a statute and the absence of that language in another

section creates the presumption that Congress intended the inclusion or exclusion …

---

[2]   In addition to Graziano, Defendants cite Ingram v. Corporate Receivables, 2003 U.S.
Dist. LEXIS 7475 (N.D. Ill. 2003); Jolly v. Shapiro, 237 F.Supp.2d 888 (N.D. Ill. 2002);
Castillo v. Carter, 2001 U.S. Dist. LEXIS 2686, (S.D. Ind. 2001); Sturdevant v. Jolas,
942 F.Supp. 426 (W.D. Wis. 1996); Blair v. Collectech Systems, 1998 U.S. Dist. LEXIS
6173 (N.D. Ill. 1998); Flowers v. Accelerated Bureau of Collections, 1997 U.S. Dist.
LEXIS 3354 (N.D. Ill. 1997), see, Dkt. 17, at ¶ 12.  Each one of these cases has been
criticized and rejected by subsequent district courts within the Seventh Circuit.

[3]  Defendants state that ". . . Defendants follow an interpretation of § 1692g(a)(3) which
is consistent with the Third Circuit's case law … " (Dkt. 17 at ¶ 12), but Defendants were
not attempting to collect a debt in the Third Circuit; they were attempting to collect a
debt in the Southern District of Indiana, and need to follow the law here, which is
decidedly against Defendants' interpretation.

The weight of authority from other jurisdictions supports the court's conclusion [that section 1692g(a)(3) should not be interpreted to require disputes of debt to be in writing].") (internal citations omitted).

Furthermore, in Spearman the court rejected Defendants' position and the assertion in Graziano that, not requiring disputes to be in writing, but requiring a writing under §162g(a)(4), (a)(5), and (b) would "create an incoherent statutory scheme" (Dkt. 17, at ¶ 33), holding, instead that the lack of an in-writing requirement in 1692g(a)(3) was purposeful:

> [S]ubsection (a)(3) provides some protection to those consumers who dispute a debt but are unable to do so in writing, perhaps the very consumers who are more likely to be unsophisticated. Subsection (a)(3) places no affirmative duty on the debt collector upon notice of the consumer's dispute of the validity of the debt. Subsections (a)(4), (a)(5) and (b), however, provide greater protections to the consumer and obligate the debt collector to take some affirmative action upon receipt of a written notification or request from the consumer. Subsection (b) also requires the debt collector to stop collection activities until the debt collector undertakes a certain verification process. Thus, subsection (b) gives a consumer the power to halt all collection activities. It therefore makes logical sense for subsections (a)(4), (a)(5) and (b) to require written notification…This court agrees with the Graziano court that there are very good reasons to prefer that a dispute of a debt's validity be in writing. But the preference for a writing should not override Congress's intent as evidenced by its chosen statutory language.

Spearman, 2002 U.S. Dist. LEXIS 24389, at [*27]-[*28].

By conferring the right to dispute a debt orally, §1692g(a)(3) goes to the very congressional intent of the FDCPA: providing the right to dispute a debt to unsophisticated consumers, many of whom may not have the means or wherewithal to make a written dispute, or may be confused or intimidated by the process of formulating a written dispute, see also, Walters, 2004 U.S. Dist. LEXIS 13972 at [*15]-[*17] (following the holding of Spearman, and rejecting the holdings of Graziano, Ingram v.

7

Corporate Receivables, 2003 U.S. Dist. LEXIS 7475 (N.D. Ill. 2003), Castillo, and

Sturdevant).

Similarly, in Edmonds, 2003 U.S. Dist. LEXIS 17476 at [*10]-[*12], Judge Barker

granted summary judgment in favor of the consumer as to §1692g(a)(3), agreeing with

the holdings of Spearman, emphasizing the importance of being able to dispute orally to

an unsophisticated consumer:

> Such a consumer, not perceiving the value of creating a "paper trail" of
> their communications, may opt to notify the debt collector by phone or in
> person of his intention to dispute a debt. A consumer who opts to use one
> of these notice methods should not be penalized by the terms of §1692g,
> lest the single provision contradict the overall purpose of the statute.

Edmonds, 2003 U.S. Dist. LEXIS 17476 at [*11]-[*12]; see also, Rosado, 324 F.Supp.2d

at 929 and Campbell, 624 F. Supp. 2d at 999-1000(both rejecting the holdings of

Graziano, and echoing the holdings in Spearman, Edmonds, Rosado, Walters, Chung,

and the Ninth Circuit's opinion in Camacho).

Here, Defendants' statement that Ms. Smith had to submit any dispute in writing

was a materially false statement, the plain meaning of which would lead any consumer,

let alone an unsophisticated consumer, into believing that she did not have a right to

dispute the debt orally.  As such, Plaintiff has stated a claim for which the FDCPA was

intended to provide relief and Defendant's form collection letter violated §1692g,

§1692e, and §1692f of the FDPCA.

## II.     Plaintiff Suffered A Material/Concrete Injury-In-Fact Due to Defendants' Violations Of The FDCPA And, Thus, Has Established Standing To Sue.

Defendants misread the Supreme Court's recent remand in Spokeo, Inc. v.

Robins, 136 S.Ct. 1540, 194 L. Ed. 2d 635, 646 (2016), and argue that Plaintiff lacks

Article III standing because she has not suffered a concrete/material injury in fact.  The overwhelming majority of district and appellate courts interpreting <u>Spokeo</u> have found that the informational requirements of the FDCPA confer standing to consumers who have been deprived of one of its disclosures.  As the U.S. Supreme Court noted in <u>Spokeo</u>:

> The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified.

<u>Spokeo</u>, 194 L. Ed. 2d at 646.

The Court in <u>Spokeo</u> gave multiple examples of statutory violations that confer standing without proof of tangible harm, involving the plaintiff's statutory right to information, <u>see</u>, for example, <u>Public Citizen v. Department of Justice</u>, 491 U.S. 440, 449 (1989) ('[A] plaintiff suffers an "injury in fact" when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute."); <u>FEC v. Akins</u>, 524 U.S. 11, 21, (U.S. 1998) (failure to obtain information subject to disclosure under Federal Advisory Committee Act "constitutes a sufficiently distinct injury to provide standing to sue"); <u>see</u> <u>also</u>, <u>Spokeo</u>, 194 L.Ed 2d at  649-650 (Thomas, J. concurring), <u>citing</u>, <u>Havens Realty Corp. v. Coleman</u>, 455 U.S. 363, 373-374, 71 L. Ed. 2d 214, 102 S. Ct. 1114 (1982) (violation of a plaintiff's statutory right to truthful information about housing availability is a "specific injury" that confers standing).

There is no legitimate basis to reach a different result here.  To the contrary, appellate courts in the First and Fourth Circuit  have already found, consistent with <u>Public Citizen</u>, <u>Akins</u> and <u>Havens</u> <u>Realty</u>, that a plaintiff has standing to sue a debt collector who violates the consumer's right to information under the FDCPA, <u>see</u>,

Pollard v. Law Office of Mandy L. Spaulding, 766 F.3d 98, 102-103 (1st Cir. 2014)(holding that an overshadowing violation of §1692g(a)(3) of the FDCPA constituted statutory standing, despite the fact that the consumer plaintiff had not actually been misled by the letter at issue.); Church v. Accretive Health, Inc., 2016 U.S. App. Lexis 12414 (11th Cir. 2016)(the deprivation of statutorily required information of §1692g was sufficient to confer plaintiff's standing).

The majority of post-Spokeo district courts taking up this issue, including three within the Seventh Circuit, have found that consumers alleging statutory violations of the FDCPA have standing[4], see, Lane v. Bayview Loan Servicing, 2016 U.S. Dist. LEXIS 89258 (N.D. Ill. 2016)(Chang, J.) (plaintiff's allegation that defendant failed to effectively disclose information required regarding his right to dispute, pursuant to FDCPA § 1692g, due to overshadowing by subsequent collection letters, was sufficiently concrete under *Spokeo* to confer standing); Quinn v. Specialized Loan Servicing 2016 U.S. Dist. LEXIS 107299 (N.D. Ill. Aug. 11, 2016)(Bucklo, J.)(finding that the plaintiffs who had been deprived of an informational notice required by §1692e(10) and 1692e(11) of the FDCPA had Article III standing despite lacking actual damages, denying the defendant's motion to dismiss); Mogg v. Jacobs, 2016 U.S. Dist. LEXIS 110057 (S.D. Ill. 2016) (a

---

[4] See also, Irvine v. I.C. Systems, 2016 U.S. Dist. LEXIS 99880 (D. Co. 2016)(consumer plaintiff stated a claim sufficient to confer standing where defendant's collector falsely stated she could only remove a debt from her credit report if she paid in full, in violation of §1692e; Yeager v. Ocwen Loan Servicing, 2016 U.S. Dist. LEXIS 105007 (M.D. Ala. 2016)(finding a consumer plaintiff had alleged that she suffered an injury-in-fact where a dunning letter failed to contain any notice of her right to dispute the debt, as well as the name of the creditor and the amount of the debt all in violation of §1692g); Prindle v. Carrington Mortg. Servs., 2016 U.S. Dist. LEXIS 108386, at *[22-42] (M.D. Fla. 2016) (Finding that a consumer had alleged injury-in-fact due to the defendant's statutory violations of §1692e, despite the fact that she had not sufficiently alleged actual damages).

plaintiff had Article III standing in regards to her claim pursuant to §1692e of the

FDCPA, that  a collector falsely represented the legal status of a discharged debt by

attempting to collect a debt that had been discharged in bankruptcy).

Indeed, in a surprising lack of candor, Defendants fail to note that Defendant GC

has already lost this argument in Florida, where a court denied its motion to dismiss for

lack of standing regarding another faulty §1692g disclosure, see, Dickens v. GC

Services, LP, 2016 U.S. Dist. LEXIS 94621 (M.D. Fla 2016).[5]  The letter at issue in

Dickens failed to notify a putative class of consumers that a written dispute is necessary

to trigger their rights to obtain verification of the debt and/or a copy of a judgment

entered against them as to the debt at issue, in violation of §1692g(a)(4) and (5) see,

Id., at *[2]; 15 U.S.C. §1692g(a)(4).  The district court in Dickens held that the denial of

information was which she was entitled to receive was a "congressionally elevated

cognizable injury."…"[I]n other words, a concrete injury", see, Dickens, 2016 U.S. Dist.

LEXIS 94621, at *[5] (internal cites to Church omitted).

Defendants are critical of the Fourth Circuit's holding in Church, and rely, instead,

on a recent district court opinion in Dolan v. Select Portfolio Servicing, 2016 U.S. Dist.

LEXIS 101201 (E.D.N.Y. 2016)(Dkt. 17, at ¶¶24-30), which involved alleged violations

of  the notice requirements of the Real Estate Settlement Procedures Act, ("RESPA").

The Dolan Court, citing Spokeo, distinguished Public Citizen and Akins because their

standings protect the right to information insofar as it relates to "fundamental" public

---

[5]   The Dickens decision was issued on July 20, 2016; Defendants filed their motion to
dismiss, including the Spokeo-based argument on standing that they had already lost in
Florida, on August 12, 2016.

interests, whereas RESPA's notice requirements were intended to confer a rights to individuals as to actual damages, <u>see</u>, 2016 U.S. Dist. LEXIS 101201, at *[8-9, 17].

The <u>Dolan</u> holding is inapposite because the RESPA notice requirements at issue were not subject to the FDCPA's unsophisticated consumer standard, as Defendants were here, <u>see</u>, <u>Gammon</u>, 27 F.3d 1254, 1257.  Moreover, nothing in the <u>Spokeo</u> opinion suggests that statutory standing ought only be conferred when "fundamental", "public" rights are involved, <u>Spokeo</u>, 136 S. Ct. 1540, 1549-53 (2016).  In fact, Spokeo specifically held that "[C]ongress can create new private rights and authorize private plaintiffs to sue based simply on the violation of those private rights", <u>Spokeo</u>, 136 S. Ct. 1540, 1553 (2016).

Thus, consistent with the Supreme Court's repeated conclusion that a violation of the plaintiff's statutory right to receive information is a concrete injury by itself, Defendants' failure to disclose to a consumer her right to dispute the debt orally and their false, unfair and/or unconscionable statement that she was required to make any dispute in writing, are violations of Congress' express command and constitute a concrete injury that confers standing.

### III.     Based On Defendants' Corporate Filings, Which Defendants Have Not Sufficiently Contradicted, Defendants GCF And DLS Are Subject To Personal Jurisdiction In This Court.

Defendants argue that Defendants GCF and DLS are not subject to the personal jurisdiction of this Court (Dkt. 17, at ¶¶3, 14-15, 35-39; Dkt. 17-1).  If Defendant GC was sold, as Defendants allege, then they have failed to update their state filings with the Indiana Secretary of State.  According to the Indiana Secretary of State's records, Defendant GC is a Delaware Limited Partnership with two general partners: Defendants GCF and DLS, <u>see</u>, record from the Indiana Secretary of State, last

accessed August 26, 2016, attached as Exhibit A.  Moreover, according to GC's own

website, Defendant GCF is not only one of GC's general partners, but is its managing

partner, see, Defendant "Governance & Ethics" webpage, last accessed August 26,

2016, attached as Exhibit B.

Two Northern District of Illinois FDCPA cases involving these Defendants,

Randle v. GC Servs., L.P., 25 F. Supp. 2d 849, 851 (N.D. Ill. 1998)(Gettleman, J.), and

Peters v. AT&T, 179 F.R.D. 564, at 568-69 (N.D. Ill. 1998)(Bucklo, J.), have held that

general principles of partnership liability would hold general partners DLS and GCF

vicariously liable for the debt collection activities of the limited partnership, GC.  Clearly,

GC is licensed to do business  here, maintains a registered agent here (Dkt. 1-1, Ex. A),

is licensed to collect debts here (Dkt. 1-2), and, in fact, did attempt to collect a debt here

from Ms. Smith (Dkt. 1-3).  Moreover, pursuant to §1692a(6), a "debt collector" includes

any entity who "regularly collects or attempts to collect [debts], directly or indirectly",

see, 15 U.S.C. §1692a(6) (emphasis added).  A debt collector is liable for the FDCPA

violations of other acting on its behalf, see, Janetos v. Fulton, Friedman & Gullace, LLP,

825 F.3d 317 at [*16]-[*21] (7th Cir. 2016).  The general partners in a limited partnership

fit this bill for either direct or indirect collection.

On August 9, 2016, Defendants' counsel, Earl H. Walker, contacted Plaintiff's

counsel, via email, and stated that, in spite of Defendants' public filings and its website,

Defendant GC had been acquired by Owner Resource Group, LLC, ("OWN") as of

December 31, 2015, and that Defendants DLS and GCF no longer had any involvement

with GC, along with a Businesswire.com online news article dated January 12, 2016,

discussing the alleged sale to OWN.  On August 10, 2016, Plaintiff counsel responded,

asking why, if this was the case, Defendant GC had not updated its business records with the Indiana Secretary of State.  Plaintiff's counsel also said that his client would amend her complaint to remove Defendants GSF and DLS upon receipt of corporate records filed with state authorities.  A copy of this email exchange is attached as Exhibit C.  Instead of providing such evidence of the alleged sale, Defendants filed the instant motion, supported only by a self-serving affidavit, <u>see</u>, Dkt. 17-1.

Therefore, absent proof that Defendants GCF and DLS are actually not general partners of Defendant GSC, they have been properly named as Defendants subject to the personal jurisdiction of this Court.  As Defendants have provided no other evidence of this alleged sale, aside from their self-serving affidavit, their motion to dismiss Defendants GSF and DLS pursuant to Fed. R. Civ. P. 12(b)(2) should be denied.

## CONCLUSION

For all of the above reasons, Defendants' motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), 12(b)(1) and 12(b)(2) should be denied.

Francina Smith, individually and on behalf of all others similarly situated,

By: David J. Philipps_____
One of Plaintiff's Attorneys

Dated: August 26, 2016

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 26, 2016 a copy of the foregoing **Plaintiff's Response in Opposition to Defendants' Motion to Dismiss** was filed electronically. Notice of this filing was sent to the following parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.


William S. Helfand                                       bill.helfand@lewisbrisbois.com
Lewis Brisbois Bisgaard Smith LLP
24 Greenway Plaza
Suite 1400
Houston, Texas 77046


John T. Steinkamp                                        steinkamplaw@yahoo.com
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227



/s/ David J. Philipps_____
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Robert Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com

16