UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FRANCINA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:16-cv-01897-RLY-DML |
| | ) | |
| GC SERVICES LIMITED PARTNERSHIP, a Delaware limited partnership; and OWNER RESOURCE GROUP, GC GP BUYER, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS and PLAINTIFF'S MOTION FOR LEAVE TO CITE ADDITIONAL AUTHORITY**

Plaintiff, Francina Smith, originally filed this action against Defendants, GC Services Limited Partnership, GC Financial Corp., and DLS Enterprises, Inc., to redress alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Defendants subsequently moved to dismiss the Complaint under varying theories. All Defendants moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, failure to state a claim pursuant to Rule 12(b)(6). GC Financial and DLS Enterprises also moved to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). Plaintiff subsequently filed her Amended Complaint with leave of court. The Amended Complaint names only two Defendants: GC Services and Owner Resource Group, GC GP Buyer, LLC. Thus, GC Financial and DLS Enterprises are no longer parties to this action.

1

The Seventh Circuit has explained, "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (*quoted in Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014)). Consequently, Defendants' motion is directed at a pleading that is no longer operative. Courts typically deny as moot pending motions to dismiss under these circumstances.

It is sometimes possible to nonetheless rule on the motion when all allegations supporting each of the substantive counts remain the same in the amended pleading, which seems to be the case here. However, the court declines to do that for several reasons. First, this suit is unique in that the Amended Complaint removed two Defendants (the two that challenged the court's personal jurisdiction) and added one new one. Thus, at the very least, the Rule 12(b)(2) challenge is now moot. Second, the new Defendant, Owner Resource Group, has not appeared yet, so it is unclear whether it plans to file an Answer, join GC Services' motion to dismiss, or file its own motion with different arguments. Third, Plaintiff has moved for leave to supplement its opposition to the motion with a recent opinion from the Seventh Circuit.

For the sake of clarity, Defendants' Motion to Dismiss (Filing No. 16) is **DENIED AS MOOT**. GC Services' concerns about the court's lack of subject matter jurisdiction and Plaintiff's failure to state a claim may still exist, but it is free to raise those arguments again in a motion to dismiss the Amended Complaint. Similarly, Plaintiff may incorporate the recent Seventh Circuit case in her new response brief. Therefore,

Plaintiff's Motion for Leave to Cite Additional Authority (Filing No. 24) is also

**DENIED AS MOOT**.

**SO ORDERED** this 19th day of October 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.