UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANCINA SMITH, individually and on behalf of all others similarly situated, </br></br>Plaintiff, </br></br>vs. </br></br>GC SERVICES LIMITED PARTNERSHIP, a Delaware limited partnership, and OWNERS RESOURCE GROUP GC GP BUYER, LLC, a Delaware limited liability company, </br></br>Defendants. | 1:16-cv-01897-RLY-DML |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, Francina Smith, individually and on behalf of all others similarly situated, claims the Defendants, GC Services Limited Partnership and Owner Resource Group GC GP Buyer, LLC, sent her and the putative class a debt collection letter that violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Defendants move to dismiss this action for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). For the reasons that follow, the court **DENIES** Defendants' motion.

**I.    Background**

1

Defendants sent Plaintiff a form collection letter, dated March 17, 2016, which reads, in relevant part:

> As of the date of this letter, our records show you owe a balance of $3,095.00 to Synchrony Bank. If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid.

(Filing No. 25-3, Collection Letter). The text of Section 1692g(a)(3) of the FDCPA, however, simply says that a consumer need only "dispute[] the validity of the debt."

Plaintiff's Amended Complaint – Class Action, filed on October 18, 2016, alleges that Defendants violated Section 1692g by wrongfully informing Plaintiff that disputes must be in writing when, in fact, an oral dispute is valid. (Filing No. 25, Amended Compl. ¶¶ 12-15). She alleges Defendants' letter also violated Sections 1692e and 1692f because the statement—that any dispute of the debt must be in writing—was false, deceptive, and misleading, (*id.* ¶¶ 16-19), and unfair and unconscionable, (*id.* ¶¶ 20-23).

## II. Discussion

### A. Rule 12(b)(1) Motion

A motion to dismiss for lack of standing is a challenge to the court's subject matter jurisdiction under Rule 12(b)(1). *See Scanlon v. Eisenberg*, 669 F.3d 838, 841-42 (7th Cir. 2012). In ruling on a Rule 12(b)(1) motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Id.* (citation omitted). In addition, the court may look beyond the complaint and review any other evidence to resolve the jurisdictional issue. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (citations omitted).

The burden is on the plaintiff to allege facts demonstrating the required elements of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Those elements are: (1) an injury in fact suffered by the plaintiff, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.*

Defendants' motion focuses on whether Plaintiff sufficiently alleged an injury in fact. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citation and quotation marks omitted). An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Id*. An injury is "concrete" if it "actually exists." *Id.*

In *Spokeo*, the Supreme Court held that a "bare procedural violation [of a federal statute], divorced from any concrete harm," cannot satisfy the injury-in-fact requirement of Article III. *Id.* at 1549. "This does not mean, however that the risk of real harm cannot satisfy the requirement of concreteness." *Id.* In some circumstances, the violation of a statutory procedural right will be enough to confer standing. *Id.* "In other words, a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.*

Although the Seventh Circuit has not had occasion to consider Article III standing for FDCPA violations after *Spokeo*, several district courts within the Seventh Circuit and other circuit courts have addressed this issue and have held that violations of the FDCPA constitute concrete injuries in fact, sufficient to find Article III standing. *See Church v.*

3

*Accretive Health, Inc.*, 654 Fed. Appx. 990, 994 (11th Cir. 2016*); Long v. Fenton & McGarvey Law Firm P.S.C.*, No. 1:15-cv-1924-LJM-DKL, 2016 WL 7179367, at *3 (S.D. Ind. Dec. 9, 2016); *George v. Wright, Lerch & Litow, LLP Attorneys at Law*, No. 1:15-cv-00811–JMS–DML, 2016 WL 6963990, at *2–3 (S.D. Ind. Nov. 29, 2016); *Everett v. Fin. Recovery Servs., Inc.*, No. 1:16-cv-01806–JMS–MPB, at *4 (S.D. Ind. Nov. 28, 2016); *Saenz v. Buckeye Check Cashing of Ill.*, No. 16 CV 6052, 2016 WL 5080747, at * 2 (N.D. Ill. Sept. 20, 2016) ("Congress gave consumers a legally protected interest in certain information about debts, and made the deprivation of information about one's debt . . . a cognizable injury . . . . Saenz was harmed by receiving a deficient and allegedly misleading communication from Buckeye—a harm defined and made cognizable by the statute, but a concrete harm nonetheless."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16-cv-2021, 2016 WL 4264967, at * 5 (N.D. Ill. Aug. 11, 2016) ("I conclude that SLS's alleged failure to provide the Quinns with information required under the FDCPA constitutes sufficient concrete harm for purposes of Article III standing.") (listing cases).

In accordance with the above cases, the court finds Plaintiff was harmed by receiving an allegedly deficient and misleading communication from Defendants. Unlike the FCRA, a violation of the FDCPA for including inaccurate information is not a "bare procedural violation." Such omissions present a material risk of harm. *See Rasa Hayes v. Convergent Healthcare Recoveries, Inc.*, No. 14-1467, 2016 WL 5867818, at *4 (C.D. Ill. Oct. 7, 2016) ("Unlike *Spokeo*, where a 'violation of one of the FCRA's procedural requirements may result in no harm,' a violation of the right under [the FDCPA] to be

4

free from false or misleading representations from debt collectors creates a harm, or a risk of harm, sufficient to meet the requirement of concreteness."). Therefore, the injury alleged by Plaintiff is a concrete injury in fact sufficient to invoke Article III standing. Defendants' Motion to Dismiss under Rule 12(b)(1) is **DENIED**.

### B. Rule 12(b)(6) Motion

Rule 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on such a motion, the court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

Defendants argue Plaintiff fails to state a claim under Sections 1692g, 1692e, and 1692f because Subsection 1692g(a)(3) imposes an implied writing requirement. The text at issue reads in relevant part:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

5

***

>(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(3)-(a)(5). The Seventh Circuit has not addressed whether this Subsection 1692g(a)(3) imposes a writing requirement, and both circuit courts of appeals and district courts in this circuit are split on the issue. *Compare Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) (finding that "given the entire structure of 1692g, subsection (a)(3) must be read to require that a dispute, to be effective, must be in writing"); *Jolly v. Shapiro*, 237 F. Supp. 2d 888, 895 (N.D. Ill. 2002) (agreeing with the Third Circuit's *Graziano* opinion); *Ingram v. Corporate Receivables, Inc.*, No. 02 C 6608, 2003 WL 21018650, at *6 (N.D. Ill. May 5, 2003) (same); *Castillo v. Carter*, No. 99-1757, 2001 WL 238121, at *4 (S.D. Ind. Feb. 28, 2001) (same), *with Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 490-91 (4th Cir. 2014) (finding Section 1692g(a)(3), unlike Sections 1692(a)(4) and (a)(5), "plainly does not" impose a writing requirement); *Hooks v. Forman, Holt, Eliades & Ravin*, 717 F.3d 282, 285-87 (2d Cir. 2013) ("The language of Section 1692g(a)(3) does not incorporate the writing requirement included specifically in other sections of the same statute. We see no reason

6

to ignore this difference in statutory language."); *Camacho v. Bridgeport Fin.*, 430 F.3d 1078, 1080-82 (9th Cir. 2005) ("If Congress had intended to include a writing requirement in § 1692g(a)(3), it could have done so in the subsection itself, as it did in the later subsections of § 1692(a)(4), (5)."); *Campbell v. Hall*, 624 F. Supp. 2d 991, 1000 (N.D. Ind. 2009); *Rosado v. Taylor*, 324 F.Supp.2d 917, 928-30 (N.D. Ind. 2004); *Chung v. Nat'l Check Bureau*, No. 1:04-cv-1857-RLY-WTL, 2005 U.S. Dist. LEXIS 15216, at *7 (S.D. Ind. June 30, 2005); *Walters v. PDI Mgmt. Servs.*, No. 1:02-cv-1100-JDT-TAB, 2004 U.S. Dist. LEXIS 13972, at *15-17 (S.D. Ind. April 6, 2004); *Spearman v. Tom Wood Pontiac-GMC, Inc.*, IP 00-1340-C-T/K, 2002 U.S. Dist. LEXIS 24389, at *25-29 (S.D. Ind. Nov. 4, 2002).

The court finds the reasoning of the Second, Ninth, and Fourth Circuits (and the district courts which follow their reasoning) persuasive. As these courts correctly conclude, whereas Subsections 1692g(a)(4) and (a)(5) include a writing requirement, the text of the Subsection 1692g(a)(3) "plainly does not." *Clark*, 741 F.3d at 490. "And, importantly, where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusions." *Russello v. United States,* 464 U.S. 16, 23 (1983) (internal quotation marks omitted). Accordingly, the court finds Plaintiff states a plausible claim for relief under Section 1692g. Defendants' Motion to Dismiss under Rule 12(b)(6) is therefore **DENIED**.

### III.    Conclusion

Based upon the allegations in the Plaintiff's Amended Complaint and the documents attached thereto, the court finds Plaintiff has standing to bring her claims under the FDCPA and that those claims plausibly suggest a right to relief. Accordingly, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Filing No. 31) under Rules 12(b)(1) and 12(b)(6) is **DENIED**.

**SO ORDERED** this 19th day of June 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record