UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANCINA SMITH, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | 1:16-cv-01897-RLY-DML |
| vs. ) ) | |
| GC SERVICES LIMITED PARTNERSHIP, a Delaware limited partnership, and OWNERS RESOURCE GROUP GC GP BUYER, LLC, a Delaware limited liability company, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**ENTRY ON PLAINTIFF'S SECOND AMENDED MOTION FOR CLASS CERTIFICATION**

Plaintiff, Francina Smith, individually and on behalf of all others similarly situated, claims the Defendants, GC Services Limited Partnership and Owner Resource Group GC GP Buyer, LLC, sent her and the putative class a debt collection letter that violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff now moves for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). For the reasons that follow, the court **GRANTS** Plaintiff's motion.

**I.   Background**

Defendants sent Plaintiff a form collection letter, dated March 17, 2016, which reads, in relevant part:

1

> As of the date of this letter, our records show you owe a balance of $3,095.00 to Synchrony Bank. If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid.
>
> However, if you do dispute all or any portion of this debt in writing within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you. Or, if within 30 days of receiving this letter you request in writing the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.

(Filing No. 25-3, Collection Letter). The text of Section 1692g(a)(3) of the FDCPA, however, simply says that a consumer need only "dispute[] the validity of the debt."

Plaintiff's Amended Complaint – Class Action, filed on October 18, 2016, alleges that Defendants violated Section 1692g by wrongfully informing Plaintiff that disputes must be in writing when, in fact, an oral dispute is valid. (Filing No. 25, Amended Compl. ¶¶ 12-15). She alleges Defendants' letter also violated Sections 1692e and 1692f because the statement—that any dispute of the debt must be in writing—was false, deceptive, and misleading, (*id.* ¶¶ 16-19), and unfair and unconscionable, (*id.* ¶¶ 20-23).

Plaintiff requests the court allow her to represent a class with the following definition:

> [A]ll persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Synchrony Bank/Sam's Club account, via the same form collection letter that Defendants sent to Plaintiff, from one year before the date of the initial Complaint to the present.

(Filing No. 68, Plaintiff's Statement as to Class Definition). Plaintiff asserts that all the prerequisites for class certification pursuant to Rules 23(a) and (b)(3) are met. Defendants argue otherwise.

## II. Rule 23 Requirements

Class action suits are governed by Federal Rule of Civil Procedure 23. A party seeking class certification bears the burden of establishing that certification is appropriate. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). The decision whether to grant or deny a motion for class certification lies within the broad discretion of the trial court. *Id.*

Rule 23 prescribes a two-step analysis to determine whether class certification is appropriate. First, a plaintiff must satisfy Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation. *Clark v. Experian Info. Sols., Inc.*, 256 Fed. Appx. 818, 821 (7th Cir. 2007); *Williams v. Chartwell Fin. Serv., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000). The failure to meet any one of these requirements precludes certification of a class. *Retired Chicago Police Ass'n*, 7 F.3d at 596. Second, the action must also satisfy one of the conditions of Rule 23(b). *Clark*, 256 Fed. Appx. at 821; *Williams*, 204 F.3d at 760. Plaintiff seeks certification under Rule 23(b)(3), which permits class certification if "questions of law or fact common to class members predominate over any questions affecting only individual members" and class resolution is "superior to other available methods for failure and efficiently adjudicating the controversy."

## III. Discussion

Defendants oppose Plaintiff's motion on several grounds. First, Defendants argue Plaintiff lacks Article III standing in light of the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). Second, they argue Plaintiff has failed to propose an

3

ascertainable class in which she is a member.  And lastly, they argue Plaintiff cannot establish any of the factors listed in Rule 23(a) or (b).  The court will address each of these arguments in turn below.

### A. Standing

Defendants first argue class certification should be denied and this entire action dismissed because Plaintiff lacks Article III standing to bring this action.  In the court's Entry denying Defendants' Motion to Dismiss Plaintiff's Amended Complaint, the court found that Plaintiff had alleged a concrete injury in fact sufficient for Article III standing by alleging a violation of the FDCPA.  The court sees no reason to revisit the issue.

### B. Ascertainable Class

An implicit requirement under Rule 23 is that the class definition "be definite enough that the class can be ascertained."  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).  This requires that the class definition be "defined clearly" and that membership in the class "be defined by objective criteria."  *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015).  Class definitions fail the ascertainability requirement "when they [a]re too vague or subjective, or when class membership [i]s defined in terms of success on the merits (so-called 'fail-safe' classes)."  *Id.*

Defendants argue the class is not ascertainable because Plaintiff has no evidence that any of the putative class members actually received, opened, and read the letter in question or suffered an injury as a result of the letter.  This argument is misguided, as the ascertainability requirement focuses only on the adequacy of class definition itself; not on whether it would be difficult to identify particular members of the class.  *Id.* at 659.  The

class definition is clear and objective as it is based on the same form debt collection letter received by all putative class members. This class is ascertainable.

### C. Rule 23(a)

#### 1. Numerosity

To meet the numerosity requirement, the class must be so large "that joinder of all members is impracticable." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (citing Fed. R. Civ. P. 23(a)). Although Rule 23 does not identify a threshold number to establish numerosity, "joinder is considered impractical when a class numbers at least forty members." *Walker v. Calusa Inv., LLC*, 244 F.R.D. 502, 506 (S.D. Ind. 2007) (citing *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989)).

In response to discovery requests, Defendants represented that the proposed class consists of 118 persons. (Filing No. 43-2, Declaration of David J. Phillips ¶ 13). Given that same form collection letter was sent to all 118 potential class members, the court finds the numerosity requirement is satisfied.

#### 2. Commonality

To meet the commonality requirement, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires the plaintiff to "show that 'the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members.'" *McCaster v. Darden Restaurants, Inc.*, 845 F.3d 794, 800 (7th Cir. 2017) (quoting *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 349-50 (2011)). What is critical is "standardized conduct towards members of the proposed class." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).

Defendants argue the Plaintiff has not established that the proposed class members have suffered the same injury; indeed, they continue, it is conceivable that some may not have suffered any injury at all. Their argument is misplaced. Whether a form debt collection letter violates the FDCPA is judged by an objective standard known as the unsophisticated consumer standard. *Lox v. CDS, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). As the Seventh Circuit noted in *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997), it is not necessary that the consumer (who seeks only statutory damages) read the letter at issue to find a violation of the FDCPA, nor is it necessary that the plaintiff actually have been misled by the letter, *see Lox*, 689 F.3d at 826 ("[I]t is unimportant whether the individual that actually received a violative letter was misled or deceived.").

Here, Plaintiff's FDCPA claims are based on the same form debt collection letter sent to 118 members of the putative class. Whether it violated the FDCPA is a common question of law. Therefore, the court finds Plaintiff satisfies the commonality requirement.

### 3. Typicality

The next requirement concerns whether the claims of the class representative are typical of the class as a whole. *See* Fed. R. Civ. P. 23(a)(3). A claim is typical of the class if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele*, 149 F.3d at 595 (citation and internal quotation omitted). Typicality and commonality are closely related; typicality, however, focuses on the relationship between the class representative and the class as a whole. *De La Fuente v. Stokely-Van Camp,*

6

*Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Typicality is important because the class representative, in pursuing his or her own claims, is also advancing the interests of the class. *In re General Motors Corp. Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305, 312 (S.D. Ill. 2007).

Here, Plaintiff seeks statutory damages. Defendants argue Plaintiff's claim is not typical because some putative class members may have actual damages. The Seventh Circuit noted in *Keele*, however, that the FDCPA "is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not." 149 F.3d at 593-94. Therefore, so long as the representative plaintiff's and the putative class members' injuries arise out of the same violative conduct, the plaintiff may represent the class. *Id.* at 594. Such is the case here. Plaintiff, therefore, satisfies the typicality requirement.

### 4. Adequacy of Representation

The final requirement of Rule 23 is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To be an adequate representative of a class, a plaintiff (1) must have a sufficient stake in the outcome to ensure zealous advocacy; (2) must not have antagonistic or conflicting claims with other class members; and (3) must have counsel who are experienced, qualified, and generally able to conduct the litigation. *Harris v. Circuit City Stores, Inc.*, No. 07 C 2512, 2008 WL 400862, at *7 (N.D. Ill. Feb. 7, 2008) (citing *Retired Chicago Police Ass'n*, 7 F.3d at 594).

Defendants contend Plaintiff is not an adequate representative because she may have antagonistic or conflicting claims with those class members who benefitted from the subject letter (by writing Defendants to dispute their debt). Again, the court must view alleged violations of the FDCPA "through the eyes of an 'unsophisticated debtor.'" *Long v. Fenton & McGarney Law Firm P.S.C.*, No. 1:15-cv-1924-LJM-DML, 2016 U.S. Dist. LEXIS 172507, at *7 (S.D. Ind. Dec. 14, 2016). It is thus immaterial whether the consumer was misled by the letter. *Lox*, 689 F.3d at 826 (quoting *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008) ("The least-sophisticated-consumer test is objective and is designed 'to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.'")). In the absence of any further objection, the court finds Plaintiff, who was sent the same form collection letter as the individuals she seeks to represent, is an adequate representative.

### D.     Rule 23(b)(3)

Having satisfied the class certification requirements under Rule 23(a), the court now turns to whether Plaintiff's proposed class satisfies the requirements of Rule 23(b)(3). It requires that: (1) questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and (2) a class is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

Defendants contend individual questions regarding the proposed class members' standing to bring suit overwhelm any questions common to the class, thus defeating class certification. For the reasons previously stated, the court rejects this argument. Because

8

the key issue in this case—whether the subject letter violates the FDCPA—is identical as to each putative plaintiff, the court finds the requirements of Rule 23(b)(3) are satisfied.

## IV. Conclusion

The court finds the proposed class meets the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3). Therefore, Plaintiff's Second Amended Motion for Class Certification (Filing No. 42) is **GRANTED**.

**SO ORDERED** this 17th day of July 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.