UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANCINA SMITH, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 1:16-cv-1897-RLY-DML ) |
| GC SERVICES LIMITED PARNTERSHIP and OWNERS RESOURCE GROUP GC GP BUYER, LLC, | ) ) ) ) ) |
| Defendants. | ) |

# Order on Plaintiff's Motion to Compel

Plaintiff/class representative Francina Smith moves to compel each defendant to produce certain information regarding its net worth. The plaintiff's document request 6 asked for all documents "relating to your net worth for the last three years, including, but not limited to, financial statements, profit and loss statements, income statements, balance sheets, valuations and federal tax returns." Each defendant opposes Ms. Smith's motion to compel, but on different grounds.

Defendant GC Services Limited Partnership asserts that its production of an "unaudited partial financial statement for 2017 only" (the plaintiff's description) is sufficient and the court should not require it to produce anything else.

Defendant Owners Resource Group, GC GP Buyer, LLC (hereafter, "Owners Resource Group") contends that (1) no discovery request was served on it so the

court should not compel it to produce documents it was never asked to produce and (2) even if it were asked to respond to document request 6, the discovery is not relevant because it is not a "debt collector" within the meaning of the FDCPA whose net worth is an issue in this case.

## Analysis

The FDCPA imposes liability against "any debt collector who fails to comply with any provision of this subchapter." 15 U.S.C. § 1692k(a). In a class action, the amount of recovery to the class is subject to a ceiling that can be based on the debt collector's "net worth": "In the case of a class action . . . [the amount recoverable by unnamed class members] [cannot] exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B).

In *Sanders v. Jackson,* 209 F.3d 998 (7th Cir. 2000), the Seventh Circuit decided that the "net worth" to which the statute refers (the statute doesn't define the term) is "balance sheet net worth" or "book value net worth," meaning the balance sheet value of assets minus liabilities. *Id.* at 1002-03. The *Sanders* court rejected using a "fair market value net worth" measure, a measure that includes the value of good will. Under Generally Accepted Accounting Principles ("GAAP"), good will is reported to a balance sheet only in connection with the sale or merger of a business, and the court determined that Congress did not intend for a debt collector to be valued as if it were being sold or merged out of existence. *Id.* at 1002. The court also found that using balance sheet net worth simplified discovery and the fact-finder's determination of damages. A fact-finder would not be asked to place a

value on good will based on some hypothetical sale of a business, issues likely requiring expert testimony and a jury's resolution of contested expert opinion. Instead, the parties and fact-finder examine "the balance sheet of a company" prepared according to GAAP and subtract the liabilities from the assets. *Id.* at 1001, 1003 (noting the importance of GAAP, which dictate the standards for reporting and disclosing information on an entity's financial statements, in determining net worth).

Because net worth is a factor in deciding recovery in a class action, the FDCPA class action plaintiff is entitled to discover information relevant to a debt collector's balance sheet net worth. As noted, each defendant has made different objections to the plaintiff's demand for "net worth" information. The court addresses GC Services' first and then Owners Resource Group's.

### GC Services

GC Services refuses to produce anything other than an unaudited, partial financial statement for 2017. But an unaudited financial statement is not necessarily prepared in accordance with GAAP. The plaintiff is therefore entitled to a current audited financial statement for GC Services. If GC Services does not have a current audited financial statement, then the plaintiff is entitled to the kind of financial information that would permit the plaintiff (or an accountant) to test the reliability of the financial information shown on GC Services' unaudited financial statement. The plaintiff says that kind of financial information is exactly what she asked for in document request 6, and GC Services has not provided any reason for

the court to find otherwise. Thus, as to GC Services, the court requires it to produce to the plaintiff a current audited financial statement, but if it does not have a current audited financial statement, then it must produce "current profit and loss statements, income statements, balance sheet, asset valuations, and tax returns." The documents must be produced within 21 days of the entry of this order on the docket.[1]

## Owners Resource Group

Owners Resource Group refuses to produce "net worth" documents on the grounds it is not a debt collector and, even if it were, no discovery request has been served on it. The court agrees that no discovery request has been served on Owners Resource Group and denies the plaintiff's motion to compel on that basis. Because the plaintiff may attempt to cure that problem, the court addresses here the second issue—whether Owners Resource Group may refuse to produce net worth documents based on its contention it is not a debt collector.

As to the first reason—no discovery request—the court notes that when Ms. Smith served her written discovery requests, Owners Resource Group was not a defendant. It was added by an amended complaint when the plaintiff learned that it is (or was at the relevant time) the general partner of GC Services. The two

---

[1] The court rejects GC Services' contention that the plaintiff must wait until trial to obtain net worth discovery. Discovery is conducted well in advance of trial and it is GC Services that has an obligation to continue to supplement discovery if it learns that in some material respect disclosures it has previously made are incomplete or incorrect. *See* Rule 26(e)(1)(A). Moreover, the amount of damages the plaintiff may be able to recover is relevant before trial in the context of settlement.

entities the plaintiff originally had named as defendants (in addition to GC Services) because she thought they were GC Services' general partners were dropped from the lawsuit at that time. Ms. Smith had served her discovery requests on those two entities, including document request 6 for net worth information, but she has not served any written discovery on Owners Resource Group since it was added as a defendant. Ms. Smith requests that the court excuse the omission of a discovery request to Owners Resource Group because her document request to GC Services and to the prior defendants defined them as including their "agents, attorneys, accountants, employees, independent contractors, directors, shareholders, d/b/a's and predecessor, successor, or related entities." The court will not do so. If the plaintiff wants documents in the possession, custody, or control of Owners Resource Group (and that are not in the possession, custody, or control of a party on which she has served discovery and against which she seeks an order compelling discovery), then a proper discovery request must have been served on Owners Resource Group.

As to the second reason—whether Owners Resource Group is a debt collector—the court finds that the answer is not so well-settled in favor of Owners Resource Group that discovery of its net worth should be denied. The court need not accept the statements in the affidavit provided by Owners Resource Group that it is not in the business of collecting debts and is not a debt collector.

Because Owners Resource Group is GC Services' general partner, a non-frivolous argument can be made that it is a debt collector based on that status. The

entities the plaintiff originally had named as defendants (in addition to GC Services) because she thought they were GC Services' general partners were dropped from the lawsuit at that time. Ms. Smith had served her discovery requests on those two entities, including document request 6 for net worth information, but she has not served any written discovery on Owners Resource Group since it was added as a defendant. Ms. Smith requests that the court excuse the omission of a discovery request to Owners Resource Group because her document request to GC Services and to the prior defendants defined them as including their "agents, attorneys, accountants, employees, independent contractors, directors, shareholders, d/b/a's and predecessor, successor, or related entities." The court will not do so. If the plaintiff wants documents in the possession, custody, or control of Owners Resource Group (and that are not in the possession, custody, or control of a party on which she has served discovery and against which she seeks an order compelling discovery), then a proper discovery request must have been served on Owners Resource Group.

As to the second reason—whether Owners Resource Group is a debt collector—the court finds that the answer is not so well-settled in favor of Owners Resource Group that discovery of its net worth should be denied. The court need not accept the statements in the affidavit provided by Owners Resource Group that it is not in the business of collecting debts and is not a debt collector.

Because Owners Resource Group is GC Services' general partner, a non-frivolous argument can be made that it is a debt collector based on that status. The

argument may or may not ultimately be a winning argument, and it may or may not be necessary for the plaintiff to show the extent of Owners Resource Group's actual participation in GC Services' debt collection activities before Owners Resource Group can be deemed a debt collector itself. The case law is not settled on this question, and the Seventh Circuit has not weighed in. *See, e,g., LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1201-02 (11th Cir. 2010) (finding it immaterial whether a general partner of limited partnership was a "debt collector" because the general partner was vicariously liable for the partnership's FDCPA violation under partnership law);[2] *Pollice v. National Tax Funding, L.P.,* 225 F.3d 379, 405 (3rd Cir. 2000) (suggesting general partner could be liable as a debt collector because of its actual role in managing the affairs of the limited partnership debt collector and because the limited partnership formally had no employees).

The plaintiff has proffered a non-frivolous theory that Owners Resource Group is a debt collector itself and she need not await an ultimate determination about whether it is before seeking discovery of its net worth.[3]

---

[2]  The court shares the view of the *LeBlanc* court that the fact that a general partner is vicariously liable under partnership law does not necessarily mean the general partner is a debt collector. And if the general partner is not a debt collector, then its net worth is not material. Rather, the general partner would be responsible only for the amount of recovery allowed the class based on the limited partnership's net worth. Neither party has cited any authority holding that a general partner fits the definition of "debt collector" under the FDCPA solely by virtue of its status as general partner. And it is not necessary, or appropriate, for the court to resolve that issue for purposes of a discovery dispute. It's a merits issue and one that may require discovery to resolve.

[3]  This conclusion is, of course, subject to the court's threshold determination that at this point, no request has been served on Owners Resource Group. The

## Conclusion

The plaintiff's motion (Dkt. 96) to compel the defendants' net worths is GRANTED IN PART AND DENIED IN PART as provided in this order.

So ORDERED.

Dated: November 8, 2017

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system

---

court expresses no view whether such a request would be appropriate under the case management schedule.